RUMSEY, J.
—Abraham Steers, the brother of Edward P. Steers, found himself unable to pay his debts, and called a meeting of his creditors for the purpose of negotiating a compromise with them. At that meeting a large number, but not all, of the creditors made their appearance, and a compromise was proposed by Abraham Steers, and accepted by those of the creditors who were present, and afterwards by others of the creditors, but never by all of them. Before that meeting, Edward P. Steers, who was not present at it, had stated that he was willing to assist his brother to a certain extent, and at the time of the meeting it was announced that, if the compromise was arranged, Edward P. Steers would assist his brother in an amount not exceeding $100,000, as his necessities might require it. It is fair to infer from the evidence that those of the creditors who signed the compromise agreement did so relying upon this promise of Edward Steers. This action is brought by some of the creditors, in behalf of all the persons interested, to enforce a specific performance on the part of Edward P. Steers of this agreement. At the special term the complaint was dismissed, and from the judgment entered upon that decision this appeal is taken.
Passing the point that a fair construction of this contract is to pay a certain sum of money, and therefore it could only be enforced, if valid, by an action at law, it is quite clear that the contract under the proof was not valid, and the plaintiffs had no standing in court to maintain an action on it in any form." The contract was made for the benefit of the creditors of Abraham Steers, and was to assist him in paying the money agreed to be paid by the compromise according to his necessities, in a sum not exceeding $100,000. The liability of Abraham Steers constituted the primary debt, and this promise of Ed>vard Steers was clearly a promise to answer for that debt. It was, therefore, within that provision of the statute of frauds that all contracts to answer for the debt, default, or miscarriage of another are void unless in writing, and signed by the party sought to be charged. No action could be maintained upon it, therefore, unless it is brought within one of the exceptions which have been ingrafted upon that statute.^ by the decisions of the courts. The appellant claims that he is within the principle that such a contract, when made for a new consideration of benefit to the promisor is valid, although not in writing, even if the primary debt remains subsisting. *737 White v. Rintoul, 108 N. Y. 222; 15 N. E. 318 ; M. T. Merserau Co. v. Washburn, 6 App. Div. 404; 39 N. Y. Supp. 664. But the difficulty with this case is that there was no new consideration of benefit passing to the promisor. There is no claim that Edward P. Steers had any interest Avhatever in the estate of his brother, or received any benefit from the making of the compromise agreement, or because his brother Avas released from the immediate payment of a portion of his debts. Indeed, no claim of that kind is made, hut it is said that EdAvard Steers AA-as an officer of a certain hank, Avhich Avas a large creditor of Abraham Steers, and that, after the making of the compromise agreement, the debt from Abraham Steers to that hank Avas paid. There is no proof that this debt was paid either as a condition of or because of the making of the compromise agreement; and, if it Avere the fact that a corporation in which EdAvard Steers was interested Avas able to obtain payment of its debt because of the compromise agreement Avhich Avas made in reliance upon EdAvard Steers’ promise, it does not furnish a consideration of benefit to EdAvard Steers in the legal sense Avhich would charge him upon a parol contract otherwise void. Legally speaking, EdAvard Steers had no interest in the payment of the debt to this bank, and it could not be of any benefit to him Avhatever; and therefore, CAren if it be a fact that it Avas a benefit to the bank to have this compromise agreement made, it does not raise an inference that some other person received such a benefit as would afford consideration for his promise, in the absence of proof that the promisor insisted upon the benefit to the bank as a consideration for his agreement.
For these reasons, Avithout considering any other points made upon the argument, this judgment must be affirmed, Avith costs.
All concur.